IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY FUENTES,

    Petitioner,                    No. CIV S-11-2225 JAM GGH P

    vs.

F.X. CHAVEZ,

    Respondent.                  ORDER

_____/

    On December 1, 2011, respondent moved to dismiss this petition, alleging that it was untimely filed. See Doc. No. 9. On March 13, 2012, the court appointed counsel for petitioner for the limited purpose of adjudicating the motion to dismiss. See Doc. No. 17. Petitioner filed opposition to the motion, arguing that he was entitled to equitable tolling and seeking discovery. See Doc. No. 24. The court then vacated the motion to dismiss, granted petitioner's request to conduct discovery, and expanded the scope of counsel's representation to include conducting discovery. See Doc. No. 26.

    On October 4, 2012, respondent filed an answer to the petition. See Doc. No. 29. In his answer, respondent again argues that the petition is untimely but also argues the merits of the petition, inviting the court to by-pass the procedural issues (of timeliness and procedural bar) and proceed to a decision on the merits. See id. Counsel for the petitioner now seeks from the

1

court clarification of her duties, expansion of her representation, and an extension of time to file the traverse. See Doc. No. 31; see also Doc. No. 32 (petitioner's own motion for appointment of counsel for all purposes).

In particular, petitioner asks the court to "advise present counsel how to proceed, should counsel continue to work on the motion to dismiss and discovery issues or is the court going to accept the state's invitation to bypass the procedural issue." See Doc. No. 31 at 4. Counsel advises the court that "[d]iscovery is not complete nor has the motion to dismiss been resolved, however, if the court accepts the state's invitation to bypass the procedural litigation, the motion to dismiss may be moot." Id. at 2.

At the outset, the court notes that discovery closed on or about August 6, 2012, 30 days after the court's July 6, 2012 order authorizing discovery. No party has sought an extension of the deadline, or raised with the court any discovery issues requiring the court's resolution. Moreover, the court's July 6, 2012 order did resolve the then-pending motion to dismiss by vacating it without prejudice to renewal – respondent subsequently chose not to renew, but to file an answer.

In response, the court advises counsel for the petitioner that the court is not in any position to advise the parties at this time how it will adjudicate the petition. However, the court understands that at this juncture petitioner would have difficulty preparing a traverse without assistance. Therefore, counsel is hereby appointed for all purposes in this habeas proceeding.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's motion to appoint counsel (Doc. No. 32) and motion for clarification of counsel's duties (Doc. No. 31) are granted;

2. Counsel is now appointed for all purposes in this habeas; and

\\\\\
\\\\\
\\\\\

1   3. Petitioner's traverse shall be filed on or before December 19, 2012. In light of
2   the lengthy extension granted, further requests for extension shall be disfavored.
3   DATED: November 14, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh:rb/fuen2225.111(2)